UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WARREN LAMONT OLIVER,

             Petitioner,

vs.                                    Case No. 3:05-cv-230-J-32MMH

JAMES V. CROSBY, et al.,

             Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 2, 2005.[1]  He challenges a 1999 state court conviction.  On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of

_____

[1] The Court will give Petitioner the benefit of the mailbox rule in calculating the one-year limitation period in this case.  Petitioner handed his Petition to prison authorities for mailing to this Court on March 2, 2005.

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Response to Petition (Doc. #17), filed September 6, 2005.

On February 13, 2001, Petitioner's judgment of conviction was affirmed on direct appeal. See Oliver v. State, 781 So.2d 1101

2

(Fla. 5th DCA 2001); Ex.[2] T.   Thus, Petitioner's conviction became final on May 14, 2001 (ninety days after entry of the judgment). See Supreme Court Rule 13.3;[3] Clay v. United States, 537 U.S. 522 (2003).

On February 23, 2003, 650 days after his conviction became final, Petitioner signed, and thereafter filed a motion for post-conviction relief in the trial court.   See Ex. V.   Even assuming that the motion was properly filed, it did not toll the federal one-year limitation period because it had already expired.   See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.   A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period

---

[2] The Court hereinafter refers to the exhibits contained in the Appendix (Doc. #18), filed September 8, 2005, as "Ex."

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

because there is no period remaining to be tolled."), <u>cert</u>. <u>denied</u>, 531 U.S. 991 (2000). Thus, this action was not timely filed.

Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him. <u>See</u> Petitioner's Reply (Doc. #19), filed September 27, 2005. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1.   Petitioner's Reply (Doc. #20), filed October 17, 2005, is **STRICKEN** because it is a duplicate of Petitioner's Reply (Doc. #19), filed September 27, 2005.

2.   The Petition (Doc. #1) is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of December, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

ps 10/24
c:
Warren Lamont Oliver
Ass't Attorney General Ann M. Phillips